THE COLUMBUS AND SHELBY RAILROAD COMPANY *v.* RICH-
ARDSON.

May Term,
1856.

THE COLUM-
BUS AND
SHELBY
RAILROAD
COMPANY
*v.*
RICHARDSON.

The owner of land filed in the office of the clerk of the Court of Common
Pleas, in vacation, his application, addressed to the judge of said Court, for
the appointment of appraisers to assess the damages which he had sustained
by the construction of a railroad through his land. The railroad company
were not notified of the pendency of the proceedings, until the damages had
been assessed. The Court, at the next term, ordered that the petitioner
should have execution against the company for the damages assessed, &c.,
and also for costs.

*Held,* that the proceedings were properly instituted, under the R. S. 1852.

But, *held,* that the order for execution, &c., both as to damages and costs, was
erroneous.

APPEAL from the *Bartholomew* Circuit Court.

Saturday,
June 7.

PERKINS, J.— On the 9th of *December*, 1853, *Elisha
Richardson* filed in the office of the clerk of the Court of
Common Pleas of *Bartholomew* county, his application,
made to the judge of said Court, for the appointment of
three appraisers to assess the damages he had sustained
by the construction of the *Columbus, &c., Railroad* through
certain described land of his, together with the appoint-
ment of appraisers as asked.

The appraisers were notified and sworn; and they made
and acknowledged before the clerk of said Court an award
of the damages. The railroad company was afterwards
duly notified of the pendency of said proceedings, and
called and defaulted at the next term of said Court; and,
the proceedings being shown to the Court, it was ordered
"that the said *Elisha Richardson* have execution against
the property of said company for said sum of 375 dollars,
with interest thereon from the 24th of *December*, 1853, and
the costs," &c. According to the cases of *McMahon v.
The Cincinnati, &c. Railroad Company*, 5 Ind. R. 413, and
the *New-Albany and Salem Railroad Company v. Connelly*,
*ante*, p. 32, the proceeding in this case was properly insti-
tuted. 2 R. S., p. 193, s. 710. But it does not appear
that the railroad company had any notice of the appoint-
ment or action of the appraisers till after their assessment

May Term, 1856.

of damages was made. It should have had before. 2 R. S., pp. 189, 193, ss. 687, 709, 710.

The proceedings shown to the Common Pleas, therefore, in this case, did not authorize an order for the collection of the costs even, much less the amount of damages assessed.

Whether, if the assessment had been made on notice to the company, pursuant to the statute, an order embracing the damages, as well as costs, could have been made, we do not decide.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. M. Dunn* and *A. W. Hendricks*, for the appellants.
*W. Herod* and *S. Stansifer*, for the appellee.